STERNFELS v. METROPOLITAN ST. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

APPEAL—RESETTLEMENT OF CASE—EXCEPTIONS AFTER VERDICT.

> Though the practice of taking exceptions after verdict should not be encouraged where the parties have assented to such a course in respect to the numbers of plaintiff's requests to which defendants desire to except, a motion to resettle the case so as to allow the correction of the number of such requests should be granted.

Appeal from trial term, New York county.

Action by Hannah Sternfels, as administratrix of the estate of Morris Sternfels, against the Metropolitan Street Railway Company and another. From an order denying a motion to resettle case on appeal, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH,.O'BRIEN, and INGRAHAM, JJ.

T. H. Lord, for appellant Metropolitan St. Ry. Co.
G. C. Fox, for appellant Elias Brewing Co.
N. Ottinger, for respondent.

VAN BRUNT, P. J. The practice pursued by the learned judge in the court below is certainly not one which commends itself, as it leaves the parties in doubt as to what was done upon the trial, and permits the taking of exceptions after the rendition of the verdict,— a course of trial which ought not to be encouraged. In the case at bar, the parties all having assented to this course in respect to the numbers of the requests of the plaintiff to which the defendants desire to except, if any confusion has arisen it is due to this fact, and defendants should not be deprived of grounds of appeal through having been misled by these concessions of the other parties. We are of opinion, therefore, that the motion, so far as allowing the correction of the numbers of the requests is concerned, should have been granted. In all other respects we think it was properly denied. If the parties desire that a new case should be served, of course they are entitled to it, in order that they may propose amendments in view of the changed condition of the record.

The order should be reversed, and the motion to resettle the case granted to the extent above indicated,·without costs to either party. All concur.